# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

430

KA 12-02278

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

TIFFANY L. SCHULTZ, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered June 13, 2012. The judgment convicted defendant, upon her plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the surcharge to 5% of the amount of restitution and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that her waiver of the right to appeal is invalid, that her sentence is unduly harsh and severe, and that County Court erred in imposing a 10% surcharge of the total amount of restitution. The record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver forecloses any challenge by defendant to the severity of the sentence (*see id*. at 255; *see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).

The valid waiver of the right to appeal, however, does not encompass defendant's challenge to the restitution surcharge because the court failed to advise defendant before she waived her right to appeal of the potential range of the surcharge that could be imposed as part of the requirement to pay restitution (*see generally People v Newman*, 21 AD3d 1343, 1343; *People v McLean*, 302 AD2d 934, 934). Although defendant failed to preserve for our review her contention that the court erred in imposing the maximum restitution surcharge of 10% rather than the minimum 5% surcharge (*see People v Kirkland*, 105 AD3d 1337, 1338-1339, *lv denied* 21 NY3d 1043), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). We conclude that

the court erred in imposing the 10% surcharge because, as the People correctly concede, there was no "filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution . . . in a particular case exceeds five percent of the entire amount of the payment or the amount actually collected" (Penal Law § 60.27 [8]).

Entered:  May 9, 2014                                    Frances E. Cafarell
                                                        Clerk of the Court