# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

506

**KA 10-02419**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

LAQUAN CRIMM, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered October 6, 2010. The appeal was held by this Court by order entered November 14, 2014, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (122 AD3d 1300). The proceedings were held and completed.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: We previously held this case, reserved decision and remitted the matter to County Court "to make and state for the record 'a determination of whether defendant is a youthful offender' " based on the court's failure "to determine whether defendant, *an eligible youth* (*see* CPL 720.20 [1]), should be afforded youthful offender status" (*People v Crimm*, 122 AD3d 1300, 1300 [emphasis added]). Upon remittal, the court determined that, "[b]ecause [defendant] had [pleaded] guilty to an armed felony offense," a determination that defendant was an eligible youth required, pursuant to CPL 720.10 (3), a finding of mitigating circumstances bearing directly on the manner in which the crime was committed or that defendant's participation in the crime was relatively minor. Upon finding that neither factor was present, the court, in effect, determined that defendant was not eligible for youthful offender status. That was error.

As the People correctly concede, defendant was not convicted of an armed felony. Although defendant was convicted of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [1], [3]), possession of a deadly weapon is not an element of either count (*see* CPL 1.20 [41] [a]; *see generally People v Keiffer*, 207 AD2d 1022, 1022-1023; *People v Drew*, 147 AD2d 411, 412), nor did defendant display what appeared to be a firearm (*see* CPL 1.20 [41] [b]). Defendant also was convicted of assault in the first degree, which

contains the element of causing serious physical injury to another person "by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]).  Defendant was armed with a golf club, which is not "a loaded weapon from which a shot, readily capable of producing death or other serious physical injury may be discharged" (CPL 1.20 [41] [a]).  The court thus erred in limiting its inquiry upon remittal into whether defendant was an eligible youth pursuant to the factors set forth in CPL 720.10 (3), and in failing to address whether defendant, as an eligible youth, should be adjudicated a youthful offender pursuant to the criteria set forth in CPL 720.20 (*see People v Newman*, 137 AD3d 1306, 1307; *People v Boria*, 124 AD3d 467, 468, *lv denied* 25 NY3d 1069; *People v Minemier*, 124 AD3d 1408, 1408).  We therefore hold the case, reserve decision, and remit the matter to County Court to make and state for the record a determination whether defendant should be afforded youthful offender status (*see People v Rudolph*, 21 NY3d 497, 503).

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court