■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUKHJINDER DHILLON, Appellant. [39 NYS3d 181]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin Brandt, J.), rendered August 4, 2014, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

On December 4, 2013, the defendant pleaded guilty to manslaughter in the first degree. After entering his plea, the defendant moved to be adjudicated a youthful offender. At sentencing, the Supreme Court denied the defendant's motion, finding, in effect, that he was not eligible for youthful offender treatment pursuant to CPL 720.10 (3) because there were no

mitigating circumstances bearing directly upon the manner in which the crime was committed.

Initially, we note that the defendant's waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Williams*, 131 AD3d 627, 628 [2015]; *People v Brown*, 122 AD3d 133, 140 [2014]) and, in any event, does not bar his contention that the Supreme Court failed to properly consider youthful offender treatment (*see People v Newman*, 137 AD3d 1306, 1307 [2016]; *People v T.E.*, 131 AD3d 1067 [2015]).

CPL 720.20 (1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*People v Rudolph*, 21 NY3d 497, 501 [2013]). The first step in making a youthful offender determination requires determining whether the defendant is an "eligible youth" (CPL 720.10 [2]). The second step in making a youthful offender determination requires determining whether "the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years" (CPL 720.20 [1] [a]; *see People v Cruickshank*, 105 AD2d 325, 334 [1985]).

Here, as the People correctly concede, the defendant is eligible for youthful offender status because he was 18 years old at the time of the subject offense, and had no prior criminal convictions (*see* CPL 720.10 [1], [2]; *People v Rudolph*, 21 NY3d at 500). Although a youth convicted of an armed felony is eligible for youthful offender status only where the court determines that there are mitigating circumstances bearing directly upon the manner in which the crime was committed or that the defendant's participation in the crime was relatively minor (*see* CPL 720.10 [3]; *People v Middlebrooks*, 25 NY3d 516, 524-526 [2015]), here, the defendant was convicted of manslaughter in the first degree, which is not an armed felony (*see* CPL 1.20 [41]; *People v Castillo*, 140 AD3d 481, 483-484 [2016]; *People v Wilson*, 240 AD2d 603 [1997]; *People v Mercer*, 121 AD2d 476 [1986]). Since the defendant was not convicted of an armed felony, the Supreme Court erred in determining, in effect, that the defendant was not an eligible youth pursuant to CPL 720.10 (3) because there were no mitigating circumstances bearing directly upon the manner in which the crime was committed, and in failing to determine whether the interest of justice would be served by adjudicating the defendant a youthful offender (*see People v Crimm*, 140 AD3d 1672,

1673 [2016]). Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing after a determination as to whether the defendant should be afforded youthful offender status. We express no opinion as to whether the Supreme Court should afford youthful offender status to the defendant. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.