People v Simpson (2020 NY Slip Op 02426)





People v Simpson


2020 NY Slip Op 02426


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


404 KA 16-01831

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TASHJ Y. SIMPSON, ALSO KNOWN AS TAHJ SIMPSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered December 21, 2015. The judgment convicted defendant upon a nonjury verdict of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of robbery in the second degree (Penal Law § 160.10 [2]), defendant contends that Supreme Court abused its discretion in refusing to grant him youthful offender status. Preliminarily, we note that defendant asserts that the court properly made an initial determination that he is an eligible youth pursuant to subdivisions two and three of CPL 720.10 (cf. People v Lofton, 29 NY3d 1097, 1098 [2017]; People v Middlebrooks, 25 NY3d 516, 524-526 [2015]). Inasmuch as defendant does not challenge that determination on this appeal, we do not address it.
Contrary to defendant's contention, the court did not abuse its discretion in refusing to grant defendant youthful offender status (see People v Lang, 178 AD3d 1362, 1363 [4th Dept 2019], lv denied 34 NY3d 1160 [2020]; see generally People v Minemier, 29 NY3d 414, 421 [2017]). Additionally, having reviewed the applicable factors pertinent to a youthful offender determination (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant him such status (see People v Macon, 169 AD3d 1439, 1440 [4th Dept 2019], lv denied 33 NY3d 978 [2019]; People v Lewis, 128 AD3d 1400, 1400-1401 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]; see also People v Lindsey, 166 AD3d 1565,
1566 [4th Dept 2018], lv denied 32 NY3d 1206 [2019]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court