People v Aroix (2020 NY Slip Op 04052)





People v Aroix


2020 NY Slip Op 04052


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


612 KA 18-00849

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZACHERY AROIX, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 16, 2018. The judgment convicted defendant, upon a plea of guilty, of attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Preliminarily, we note that defendant's waiver of the right to appeal is invalid (see People v Cole, 181 AD3d 1329, 1330 [4th Dept 2020]; People v Alston, 163 AD3d 843, 844-845 [2d Dept 2018], lv denied 32 NY3d 1062 [2018]). Contrary to defendant's contention on the merits, however, County Court did not abuse its discretion in declining to grant him youthful offender status (see People v Nicorvo [appeal No. 2], 177 AD3d 1408, 1409 [4th Dept 2019]), and we decline to exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see id.). Any misconception by the court during the plea hearing regarding defendant's eligibility for youthful offender status was rectified at sentencing, during which the court explicitly found that defendant was eligible for youthful offender treatment and articulated the correct legal standard in declining to exercise its discretion to afford him such treatment (cf. People v Dhillon, 143 AD3d 734, 734-736 [2d Dept 2016]; People v Crimm, 140 AD3d 1672, 1673-1674 [4th Dept 2016]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court