People v Jarvis (2020 NY Slip Op 04687)





People v Jarvis


2020 NY Slip Op 04687


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND CURRAN, JJ.


471 KA 16-00980

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KHARYE JARVIS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 2, 2016. The appeal was held by this Court by order entered March 22, 2019, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (170 AD3d 1622 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of manslaughter in the first degree (Penal Law
§ 125.20 [1]). We previously held this case, reserved decision, and remitted the matter to Supreme Court "to make and state for the record a determination whether defendant is an eligible youth within the meaning of CPL 720.10 (2) with the benefit of an updated presentence report and, if so, whether defendant should be afforded youthful offender status" (People v Jarvis, 170 AD3d 1622, 1623 [4th Dept 2019]). Upon remittal, the court determined that defendant was not an eligible youth because he used a handgun during the course of the crimes and there were no mitigating circumstances to warrant finding defendant an eligible youth under the exception in CPL 720.10 (3).
Defendant contends that the court's failure to grant certain requests regarding the updated presentence report (PSR) violated "basic notions of fairness and due process." Inasmuch as the court did not rely on the allegedly unsubstantiated statements in the PSR or the requested victim statement letter summarized therein, defendant was not prejudiced by the court's denial of his requests related to those items (see People v Ferguson, 177 AD3d 1247, 1250 [4th Dept 2019]; People v Rogers, 156 AD3d 1350, 1350 [4th Dept 2017], lv denied 31 NY3d 986 [2018]). Further, to the extent that defendant contends that the court erred in failing to strike certain statements from the PSR, defendant did not meet his burden of establishing that the challenged statements were inaccurate (see People v Washington, 170 AD3d 1608, 1610 [4th Dept 2019], lv denied 33 NY3d 1036 [2019]).
However, we agree with defendant that, as the People correctly concede, the court erred in concluding that defendant was ineligible for youthful offender treatment (see People v Willis, 161 AD3d 1584, 1584 [4th Dept 2018]; People v Dhillon, 143 AD3d 734, 735 [2d Dept 2016]). Inasmuch as "the sentencing court must make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it' " (Willis, 161 AD3d at 1584, quoting People v Rudolph, 21 NY3d 497, 501 [2013]), we therefore again hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record a determination whether defendant should be afforded youthful offender status (see id.; Dhillon, 143 AD3d at 736).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court