People v Graham (2022 NY Slip Op 00784)





People v Graham


2022 NY Slip Op 00784


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1099 KA 17-01724

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES GRAHAM, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 20, 2017. The judgment convicted defendant, upon a plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). Preliminarily, we note that defendant's "waiver of his right to appeal was invalid . . . and, in any event, [would] not bar his contention that [County] Court failed to properly consider youthful offender treatment" (People v Dhillon, 143 AD3d 734, 735 [2d Dept 2016]). On the merits, as the People correctly concede, we agree with defendant that the court erred in determining that he was ineligible for youthful offender status. Contrary to the court's determination, manslaughter in the first degree is not an "armed felony" for purposes of CPL 720.10 (2) (a) (ii) (see Dhillon, 143 AD3d at 735; People v Wilson, 240 AD2d 603, 603 [2d Dept 1997]; see generally CPL 1.20 [41]). Thus, defendant's eligibility for youthful offender status did not turn, as the court held, on the existence of a statutory mitigating factor enumerated in CPL 720.10 (3) (see People v Jarvis, 186 AD3d 1086, 1086-1087 [4th Dept 2020]; Dhillon, 143 AD3d at 735). Inasmuch as defendant is otherwise eligible for youthful offender status on this conviction (see CPL 720.10 [1], [2]), the court was obligated to make a discretionary youthful offender determination before imposing sentence (see CPL 720.20 [1]; People v Rudolph, 21 NY3d 497, 501 [2013]). We therefore hold the case, reserve decision, and remit the matter to County Court to make and state for the record a determination whether defendant should be afforded youthful offender status (see Jarvis, 186 AD3d at 1087; People v Willis, 161 AD3d 1584,
1584 [4th Dept 2018]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court