People v Webber (2022 NY Slip Op 01904)





People v Webber


2022 NY Slip Op 01904


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


91 KA 20-00564

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIELLE WEBBER, DEFENDANT-APPELLANT. 






TUPCHIK LEGAL GROUP, PLLC, BUFFALO (LANA V. TUPCHIK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LORI P. RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered April 8, 2019. The judgment convicted defendant upon her plea of guilty of assault in the first degree (two counts) and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the surcharge to 5% of the amount of restitution and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of two counts of assault in the first degree (Penal Law § 120.10 [1], [3]) and one count of criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude her challenges to the youthful offender determination or to the severity of the sentence (see People v Hahn, 199 AD3d 1467, 1467 [4th Dept 2021]; People v Wilson, 197 AD3d 1006, 1007 [4th Dept 2021], lv denied 37 NY3d 1100 [2021]), we conclude that those challenges lack merit.
We reject defendant's contention that County Court failed to make the necessary determination whether she was eligible for youthful offender treatment. "Although a youth convicted of an armed felony is eligible for youthful offender status only where the court determines that there are mitigating circumstances bearing directly upon the manner in which the crime was committed or that the defendant's participation in the crime was relatively minor" (People v Dhillon, 143 AD3d 734, 735 [2d Dept 2016]; see CPL 720.10 [3]; People v Middlebrooks, 25 NY3d 516, 524-526 [2015]), here, no such determination was required inasmuch as defendant was not convicted of an armed felony and was therefore an eligible youth (see CPL 1.20 [41]; 720.10 [1], [2] [a] [ii]; People v Crimm, 140 AD3d 1672, 1673 [4th Dept 2016]; see also People v Meridy, 196 AD3d 1, 6 [4th Dept 2021], lv denied 37 NY3d 973 [2021]). We further conclude that the court did not abuse its discretion in denying defendant's request for youthful offender status (see People v McDaniels, 19 AD3d 1071, 1072 [4th Dept 2005], lv denied 5 NY3d 830 [2005]; People v Weston, 275 AD2d 915, 915 [4th Dept 2000], lv denied 95 NY2d 971 [2000]) and we decline to grant defendant's request to exercise our interest of justice jurisdiction to afford her that status (see People v Lang, 178 AD3d 1362, 1363 [4th Dept 2019]; Weston, 275 AD2d at 915).
Contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe.
Finally, defendant's contention that the court erred in imposing the maximum restitution surcharge of 10% would survive even a valid waiver of the right to appeal where, as here, the court fails to advise the defendant before waiving the right to appeal of the potential range of the surcharge that could be imposed as part of the requirement to pay restitution (see People v Schultz, 117 AD3d 1560, 1560 [4th Dept 2014], lv denied 23 NY3d 1067 [2014]). Although [*2]defendant failed to preserve that contention for our review (see People v Kosty, 122 AD3d 1408, 1409 [4th Dept 2014], lv denied 24 NY3d 1220 [2015]; Schultz, 117 AD3d at 1560-1561; People v Kirkland, 105 AD3d 1337, 1338 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). We conclude that the court erred in imposing the 10% surcharge because there was no " 'filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution . . . in [this] particular case exceeds five percent of the entire amount of the payment or the amount actually collected' " (Schultz, 117 AD3d at 1561, quoting Penal Law § 60.27 [8]). We therefore modify the judgment accordingly.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court