People v Barron (2022 NY Slip Op 03822)

People v Barron

2022 NY Slip Op 03822

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

283 KA 19-01307

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMAR K. BARRON, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 20, 2017. The judgment convicted defendant, upon a plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). Preliminarily, we note that defendant's "waiver of his right to appeal was invalid . . . and, in any event, [would] not bar his contention that [County] Court failed to properly consider youthful offender treatment" (People v Dhillon, 143 AD3d 734, 735 [2d Dept 2016]). On the merits, as the People correctly concede, we agree with defendant that the court erred in determining that he was ineligible for youthful offender status (see People v Graham, 202 AD3d 1482, 1482-1483 [4th Dept 2022]). We therefore hold the case, reserve decision, and remit the matter to County Court to make and state on the record a determination whether defendant should be afforded youthful offender status (see id. at 1483).
We have reviewed defendant's contentions regarding his motion to withdraw his plea of guilty and the voluntariness of that plea and conclude that they do not warrant reversal or modification of the judgment.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court