People v Flagg (2022 NY Slip Op 05642)

People v Flagg

2022 NY Slip Op 05642

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND LINDLEY, JJ.

735 KA 10-01828

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NATHANIEL FLAGG, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 24, 2010. The appeal was held by this Court by order entered November 15, 2013, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (111 AD3d 1438 [4th Dept 2013]). The proceedings were held and completed. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed, and the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]), defendant contends that his waiver of the right to appeal is invalid, that County Court abused its discretion in declining to adjudicate him a youthful offender, and that the sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal "is invalid and thus does not preclude his challenge to the youthful offender determination" (People v Kingdollar, 196 AD3d 1146, 1147 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; see People v Webber, 203 AD3d 1660, 1660 [4th Dept 2022]; see generally People v Pacherille, 25 NY3d 1021, 1024 [2015]) and assuming further that defendant is an eligible youth under CPL 720.10 (3) (i) (see People v Garcia, 84 NY2d 336, 342 [1994]; cf. People v Williams, 202 AD3d 1162, 1164 [3d Dept 2022], lv denied 38 NY3d 954 [2022]; see generally People v Middlebrooks, 25 NY3d 516, 524-526 [2015]), we nevertheless conclude, based upon our review of the appropriate factors (see generally People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]), that the court did not abuse its discretion in refusing to adjudicate defendant a youthful offender (see People v Spencer, 197 AD3d 1004, 1005 [4th Dept 2021], lv denied 37 NY3d 1099 [2021]). We decline to exercise our interest of justice jurisdiction to afford him that status (see id.; People v Lang, 178 AD3d 1362, 1363 [4th Dept 2019], lv denied 34 NY3d 1160 [2020]).
Finally, we dismiss the appeal to the extent that defendant challenges the severity of his sentence inasmuch as defendant has completed serving the sentence, including any period of postrelease supervision, and thus that part of the appeal is moot (see People v Finch, 137 AD3d 1653, 1655 [4th Dept 2016]; People v Boley, 126 AD3d 1389, 1390 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]).
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court