People v Rice (2023 NY Slip Op 00568)

People v Rice

2023 NY Slip Op 00568

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

913 KA 21-01364

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HANDSOME RICE, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SUSAN M. NORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered September 17, 2021. The judgment convicted defendant upon a plea of guilty of manslaughter in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirm.
Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid (see People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; People v Somers, 186 AD3d 1111, 1112 [4th Dept 2020], lv denied 36 NY3d 976 [2020]; see generally People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant's contention that, because he was under the age of 21 at the time of the underlying offenses, County Court should have waived the mandatory surcharge and fees pursuant to CPL 420.35 (2-a) is unpreserved for our review (see CPL 470.05 [2]; People v Taylor, 209 AD3d 772, 773 [2d Dept 2022]) and, in any event, is without merit (see CPL 420.35 [2-a]; People v Attah, 203 AD3d 1063, 1064 [2d Dept 2022], lv denied 38 NY3d 1007 [2022]). Finally, contrary to defendant's contention, we conclude that the bargained-for sentence is not unduly harsh or severe.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court