People v Graham (2023 NY Slip Op 04071)

People v Graham

2023 NY Slip Op 04071

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

570 KA 17-01724

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES GRAHAM, DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 20, 2017. The appeal was held by this Court by order entered February 4, 2022, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (202 AD3d 1482 [4th Dept 2022]). The proceedings were held and completed (Karen Bailey Turner, J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We previously held the case, reserved decision, and remitted the matter for County Court to make and state for the record a determination whether defendant should be afforded youthful offender status (People v Graham, 202 AD3d 1482, 1483 [4th Dept 2022]; see generally People v Rudolph, 21 NY3d 497, 499-501 [2013]). Upon remittal, the court determined that defendant should not be afforded youthful offender status. We conclude that the court did not thereby abuse its discretion, particularly in view of the serious nature of the crime, in which defendant fired a gun several times into a crowd of people attending a candlelight vigil, striking and killing an innocent bystander (see generally People v McCall, 187 AD3d 1682, 1683 [4th Dept 2020], lv denied 36 NY3d 930 [2020]; People v Lester, 167 AD3d 1559, 1560 [4th Dept 2018], lv denied 32 NY3d 1206 [2019]). In addition, upon our review of the record, we decline to exercise our discretion in the interest of justice to adjudicate defendant a youthful offender (see People v Mohawk, 142 AD3d 1370, 1371 [4th Dept 2016]; cf. People v Thomas R.O., 136 AD3d 1400, 1402-1403 [4th Dept 2016]). We further conclude that the sentence imposed is not unduly harsh or severe.
Relying on a change in the law that occurred after the date of his conviction but before he perfected his appeal (see CPL 420.35 [2-a], as added by L 2020, ch 144, § 1), defendant asks this Court to waive the mandatory surcharge, crime victim assistance fee, and DNA databank fee based on the fact that he was under the age of 21 at the time of the offense. Even assuming, arguendo, that defendant can raise that request for the first time on appeal (see People v Johnson, 195 AD3d 1510, 1513 [4th Dept 2021]; cf. People v Rice, 213 AD3d 1243, 1244 [4th Dept 2023], lv denied 39 NY3d 1143 [2023]; see generally CPL 470.05 [2]), we decline to waive those fees inasmuch as defendant has failed to establish any of the statutory grounds on which such fees could be waived (see CPL 420.35 [2-a] [a]-[c]; People v Attah, 203 AD3d 1063, 1064 [2d Dept 2022], lv denied 38 NY3d 1007 [2022]; Johnson, 195 AD3d at 1513).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court