People v Rivera (2025 NY Slip Op 00990)

People v Rivera

2025 NY Slip Op 00990

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2024-00085
 (Ind. No. 70304/22)

[*1]The People of the State of New York, respondent,
v
Tommy Rivera, appellant.

Abissi Law PLLC, Beacon, NY (Heather M. Abissi of counsel), for appellant.
Susan Cacace, District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Helen M. Blackwood, J.), rendered November 29, 2023, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for further proceedings consistent herewith.
Initially, we note that the defendant's waiver of his right to appeal was valid (see People v Esson, 225 AD3d 786; People v Coplin, 194 AD3d 739; cf. People v D.A., 184 AD3d 581, 582-583). However, the defendant's contention that the County Court failed to properly consider youthful offender treatment is not barred by a general waiver of the right to appeal (see People v Dhillon, 143 AD3d 734, 735; People v Stevens, 127 AD3d 791, 791-792).
CPL 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it (see People v Rudolph, 21 NY3d 497, 501). The first step in making a youthful offender determination requires determining whether the defendant is an "eligible youth" (CPL 720.10[2]). The second step in making a youthful offender determination requires determining whether "the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years" (CPL 720.20[1][a]; see People v Cruickshank, 105 AD2d 325, 334).
Here, the defendant is eligible for youthful offender status because he was 16 years old at the time of the subject offense and had no prior criminal convictions (see CPL 720.10[1], [2]; People v Rudolph, 21 NY3d at 500). Although a youth convicted of an armed felony is eligible for youthful offender status only where the court determines that there are mitigating circumstances bearing directly upon the manner in which the crime was committed or that the defendant's participation in the crime was relatively minor (see CPL 720.10[3]; People v Middlebrooks, 25 NY3d 516, 524-526), the defendant was convicted of manslaughter in the first degree, which is not an armed felony (see CPL 1.20[41]; People v Dhillon, 143 AD3d at 735; People v Mercer, 121 [*2]AD2d 476). Since the defendant was not convicted of an armed felony, the County Court erred in determining that the defendant was not an eligible youth pursuant to CPL 720.10(3) because there were no mitigating circumstances bearing directly upon the manner in which the crime was committed and erred in failing to determine whether the interest of justice would be served by adjudicating the defendant a youthful offender (see People v Dhillon, 143 AD3d at 735-736; People v Crimm, 140 AD3d 1672, 1673).
Accordingly, the defendant's sentence must be vacated and the matter remitted to the County Court, Westchester County, for resentencing after a determination as to whether the defendant should be afforded youthful offender status. We express no opinion as to whether the court should afford youthful offender status to the defendant.
In light of our determination, we need not reach the defendant's contention that the sentence imposed was excessive.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court