People v Reed (2025 NY Slip Op 02440)

People v Reed

2025 NY Slip Op 02440

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

93 KA 22-00622

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BENZINO E. REED, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered January 25, 2022. The judgment convicted defendant upon a plea of guilty of manslaughter in the second degree, leaving the scene of an incident resulting in death without reporting, tampering with physical evidence and aggravated unlicensed operation of a motor vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is modified as a matter of discretion in the interest of justice by reducing the sentence imposed for manslaughter in the second degree under count 1 of the indictment to an indeterminate term of imprisonment of 3 to 9 years and by vacating the surcharge, DNA databank fee, and crime victim assistance fee, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of manslaughter in the second degree (Penal Law § 125.15 [1]), tampering with physical evidence (§ 215.40 [2]), leaving the scene of an incident resulting in death without reporting (Vehicle and Traffic Law § 600 [2] [a], [c] [ii]), and aggravated unlicensed operation of a motor vehicle in the third degree (§ 511 [1] [a]). The charges arose from a fatal collision that occurred on a residential street in Rochester between a motor vehicle operated by defendant and a man riding a bicycle. At the time, defendant was racing his cousin, who was operating another vehicle on the same street. Although it is unclear how fast the vehicles were traveling at the time of the collision, it is undisputed that defendant and his cousin were exceeding the speed limit. Both defendant and his cousin fled the scene and neither reported the accident to the police. The victim's blood alcohol content was measured at .321%, more than four times the legal level of intoxication, but there is no evidence suggesting that his conduct contributed to the accident, which was caused solely by the recklessness of defendant and his cousin. At the time of the accident, defendant was 18 years old.
We reject defendant's contention that County Court abused its discretion in denying his request for youthful offender treatment (see People v Graham, 218 AD3d 1359, 1360 [4th Dept 2023], lv denied 40 NY3d 1039 [2023]). Moreover, having reviewed the applicable factors pertinent to a youthful offender determination (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant him such status (see People v Simpson, 182 AD3d 1046, 1047 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]). Although defendant has no prior criminal record and there is no indication in the record that he was under the influence of drugs or alcohol at the time of the accident, his reckless conduct caused the death of an innocent person and, after fleeing from the scene of the accident, he attempted to cover up his crimes by selling the damaged vehicle to a salvage company.
Nevertheless, considering the mitigating factors in the record, we exercise our power to modify the judgment as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]; [*2]People v Delgado, 80 NY2d 780, 783 [1992]) by reducing the sentence imposed for manslaughter in the second degree under count 1 of the indictment to an indeterminate term of imprisonment of 3 to 9 years, which is the sentence received by defendant's older cousin who in our view is no less culpable than defendant for the fatal accident and subsequent attempts to avoid apprehension. Although the victim was struck by the vehicle operated recklessly by defendant rather than the vehicle operated recklessly by his cousin, that was due only to happenstance and does not render one reckless driver more or less culpable than the other.
Finally, "[b]ased on our interest of justice powers," we further modify the judgment by "vacating the surcharge and fees imposed at sentencing" (People v Lassiter, 211 AD3d 545, 546 [1st Dept 2022], lv denied 39 NY3d 1112 [2023]; see CPL 420.35 [2—a] [c]).
All concur except Montour, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent and would affirm the judgment because I would not exercise our power as a matter of discretion in the interest of justice to reduce defendant's sentence (see CPL 470.15 [6] [b]). While racing a car without a valid driver's license and at above the legal speed limit, defendant struck and killed a bicyclist. The victim was uninvolved with the unlawful, dangerous, and unanticipated street racing occurring on the public roadway around him. Upon striking the bicyclist head-on, defendant did not stop to determine who he had hit. He did not attempt to render aid. He did not call 911 so that first responders could render aid. Instead, defendant fled the scene. Rather than accept responsibility, defendant thereafter caused additional damage to his vehicle in order to purposefully obfuscate the fact that he had struck a person. He then sold the vehicle to a scrap yard in the hope that his involvement would never be discovered. Under these circumstances, I cannot say that the interest of justice supports a reduction of defendant's sentence.
To the extent the majority finds that a reduction is warranted in order to match the sentence received by defendant's cousin, who was driving another car and was racing with defendant at the time of the collision, the mere fact that another participant in the conduct that resulted in the death of the victim may have received a shorter sentence of imprisonment does not in and of itself render the sentence received by defendant unduly harsh or severe. The interest of justice does not require reduction of a sentence that is itself not unduly harsh or severe down to the least severe sentence imposed for similar conduct. In any event, although the majority states that defendant's cousin "is no less culpable than defendant for the fatal accident and subsequent attempts to avoid apprehension," I note that defendant's cousin was not driving the vehicle that struck and killed the victim — he was driving a different vehicle altogether. Thus, defendant's cousin did not strike a bicyclist head-on, nor did he fail to stop to determine who he had hit or otherwise fail to provide aid to the person he had just struck. Simply put, while defendant's cousin is certainly culpable for being a participant in the criminal conduct, there are clear distinctions between his involvement and the involvement of defendant that explain the differences between their sentences and that, in my view, do not render it necessary in the interest of justice to ensure that both sentences be equal.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court