People v Thompson
2026 NY Slip Op 03988
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Ziquan Thompson, appellant. Mark Diamond, Pound Ridge, NY, for appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-09282, (Ind. No. 74337/21)
Betsy Barros, J.P.
Lara J. Genovesi
William G. Ford
Lillian Wan, JJ.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Zachary De Stefan of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane C. Tully, J.), rendered July 18, 2025, convicting him of manslaughter in the first degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
"Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain" (People v Carranza, 216 AD3d 814, 814 [internal quotation marks omitted]; see People v Rudolph, 21 NY3d 497, 501). The first step in making a youthful offender determination requires determining whether the defendant is an "eligible youth" (CPL 720.10[2]). "Where a defendant is an eligible youth, the determination of whether to afford him or her youthful offender treatment must be explicitly made on the record" (People v Kimble, 228 AD3d 886, 886 [internal quotation marks omitted]).
Here, the defendant is eligible for youthful offender status because he was between 16 and 18 years old at the time of the subject offenses and had no prior criminal convictions (see CPL 720.10[1], [2]; People v Rudolph, 21 NY3d at 500). Although a youth convicted of an armed felony is eligible for youthful offender status only where the court determines that there are mitigating circumstances bearing directly upon the manner in which the crime was committed or that the defendant's participation in the crime was relatively minor (see CPL 720.10[3]), the defendant was convicted of manslaughter in the first degree and conspiracy in the second degree, which are not armed felony offenses (see CPL 1.20[41]; People v Rivera, 235 AD3d 906, 906-907; People v Dhillon, 143 AD3d 734, 736). Since the defendant was not convicted of an armed felony, the Supreme Court erred in determining that the defendant was not an eligible youth pursuant to CPL 720.10(3) on the ground that there were no mitigating circumstances bearing directly upon the manner in which the crime was committed and erred in failing to determine whether the interest of justice would be served by adjudicating the defendant a youthful offender (see People v Rivera, 235 AD3d at 907).
Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Kimble, 228 AD3d at 886; People v Carranza, 216 AD3d at 815). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
In light of our determination, we need not reach the defendant's remaining contention.
BARROS, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court