■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BURGUN, Appellant. [683 NYS2d 361] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Chautauqua County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]). We reject the contention of defendant that his guilty plea was not voluntarily made because he received ineffective assistance of counsel. Defense counsel moved for pretrial hearings, obtained

discovery information, interviewed witnesses, and obtained a favorable sentence as part of the plea agreement for defendant. We conclude that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). Defendant further contends that his plea was not voluntarily made because County Court did not advise him of all the rights that he was waiving. Defendant failed to move to withdraw the plea or to vacate the judgment of conviction on that ground, and thus his contention is not preserved for our review (*see, People v Lopez*, 71 NY2d 662, 665-666). This is not one of those "rare case[s]" in which the allocution "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez, supra*, at 666; *see, People v Davis*, 251 AD2d 1046).

Defendant further contends that he was denied effective assistance of counsel at sentencing. We agree. Defendant retained new counsel three days before sentencing. At sentencing, defense counsel requested an adjournment on the ground that he had not yet received the file from defendant's previous attorney. The court denied the request and proceeded to sentence defendant. Defendant initially refused to agree to the conditions of probation, and, because he had not yet reviewed defendant's file, defense counsel was unable to advise defendant whether to accept the conditions. Defendant "is entitled to 'an opportunity to be represented by counsel sufficiently familiar with the case and the defendant's background to make an effective presentation on the question of sentence' " (*People v Edmond*, 84 AD2d 938, quoting *People v Gonzalez,* 43 AD2d 914, 915). We therefore modify the judgment by vacating the sentence, and we remit the matter to Chautauqua County Court for resentencing. Defendant's contention that the court did not abide by the sentencing agreement is without merit. During the plea colloquy, the court agreed to sentence defendant to five years' probation. At sentencing, the court directed defendant to submit to the use of an electronic monitoring device. That direction was a condition of probation, and thus the court did not thereby impose an enhanced sentence (*see*, Penal Law § 65.10 [4]). (Appeal from Judgment of Chautauqua County Court, Ward, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.