# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**800**

**KA 12-02113**

PRESENT: SMITH, J.P., CENTRA, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAKOTA W. BARNES, ALSO KNOWN AS "KNEES,"
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 13, 2010. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). As the People correctly concede, Supreme Court erred in failing to determine whether defendant, an apparently eligible youth, was eligible for youthful offender status. Indeed, there was no mention at the plea proceeding whether he would be afforded youthful offender treatment. "Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]). A sentencing court must determine whether to grant youthful offender status to every defendant who is eligible for it because, inter alia, "[t]he judgment of a court as to which young people have a real likelihood of turning their lives around is just too valuable, both to the offender and to the community, to be sacrificed in plea bargaining" (*People v Rudolph*, 21 NY3d 497, 501).

We therefore hold the case, reserve decision and remit the matter to Supreme Court to make and state for the record a determination

whether defendant should be afforded youthful offender status.