# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1180

KA 09-01271

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GERALD GIBSON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.) rendered March 17, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]) and, in appeal No. 2, he appeals from another judgment convicting him upon his plea of guilty of manslaughter in the first degree (§ 125.20). In both appeals, defendant contends that Supreme Court erred in failing to make a determination whether he should be adjudicated a youthful offender. Defendant, an eligible youth, pleaded guilty pursuant to a plea bargain that included promised sentences, and a waiver of the right to appeal covering both convictions. The court did not indicate during the plea proceedings whether it would adjudicate defendant a youthful offender, and the terms of the plea bargain did not address the issue. At sentencing, the court did not expressly rule on the issue, although the sentence imposed on the conviction in appeal No. 2 was incompatible with youthful offender treatment.

It is well settled that "at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]). A sentencing court must determine whether to grant youthful offender status to every defendant who is eligible for it because, inter alia, "[t]he judgment of a court as to which young people have a real likelihood of turning their lives around is just too valuable, both to the offender and to the community, to be

sacrificed in plea bargaining" (*People v Rudolph*, 21 NY3d 497, 501). Thus, "[t]he sentencing court must make 'a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain' " (*People v Hall*, 119 AD3d 1349, 1350, quoting *Rudolph*, 21 NY3d at 501). Here, as the People correctly concede, the record fails to establish that such a determination was made in either appeal No. 1 or appeal No. 2 and, therefore, we hold the cases, reserve decision, and remit the matters to Supreme Court to make and state for the record a determination in each case whether defendant is a youthful offender (*see People v Barnes*, 119 AD3d 1374, 1375; *People v Munoz*, 117 AD3d 1585, 1585-1586).

Entered: November 14, 2014                          Frances E. Cafarell
                                                    Clerk of the Court