# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1293**
**KA 09-01271**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                      MEMORANDUM AND ORDER

GERALD GIBSON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.) rendered March 17, 2009. The appeal was held by this Court by order entered November 14, 2014, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (122 AD3d 1331). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (§ 125.20). We previously held the cases, reserved decision, and remitted the matters to Supreme Court to determine whether to adjudicate defendant a youthful offender in both matters (*People v Gibson*, 122 AD3d 1331, 1332; *People v Gibson*, 122 AD3d 1332). Upon remittal, the court declined to adjudicate defendant a youthful offender, and we now affirm.

Initially, we note that "no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal the harshness of his sentence" and the determination to deny him youthful offender status (*People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076, citing *People v Maracle*, 19 NY3d 925, 928; *see People v Anderson*, 90 AD3d 1475, 1476, *lv denied* 18 NY3d 991). Thus, defendant's waiver of the right to appeal does not encompass his challenge to the severity of the sentence and the denial of youthful offender status (*see People v Avellino*, 119 AD3d 1449, 1449-1450; *Anderson*, 90 AD3d at 1476). Contrary to defendant's contention in

these appeals following remittal, however, we conclude that the sentence in each appeal is not unduly harsh or severe, and we further conclude that the court did not abuse its discretion in declining to adjudicate him a youthful offender (*see People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961).  Furthermore, we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*cf. People v Shrubsall*, 167 AD2d 929, 930-931).  The record establishes that two separate violent incidents were involved, one in which defendant aided a codefendant who stabbed the victim and inflicted serious injuries, and the other in which defendant killed a different young man with whom he had been feuding for months.  In the latter incident, defendant took the handgun away from another participant in the crime who was refusing to shoot the victim and shot the victim himself.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court