# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

632.1
KA 14-00665
PRESENT: SMITH, J.P., CENTRA, CARNI, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID C. BENSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered January 27, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that County Court improperly adjudicated him a predicate felony offender. We reject that contention.

Initially, we agree with defendant's contention that "the predicate felony statement filed by the People was insufficient to support a finding that the defendant had been subjected to a predicate . . . felony conviction" (*People v Nelson*, 100 AD3d 785, 785). For a prior conviction to qualify as a predicate felony conviction, the sentence for the prior conviction "must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted" (Penal Law § 70.06 [1] [b] [iv]). The ten-year period, however, is also extended by a period "equal to the time served" when defendant was incarcerated for any reason between the commission of the two pertinent felony convictions (§ 70.06 [1] [b] [v]). In the instant case, the predicate felony statement alleged that defendant had previously been subjected to a felony conviction for a crime, and that sentence was imposed upon that crime 10 years plus approximately 1,556 days prior to the commission of the present felony. The predicate felony statement further alleged, however, that defendant had been incarcerated for only 1,257 days in the interim. Consequently, even accepting the allegations in the statement as true,

the People failed to allege that defendant had been incarcerated for a sufficient length of time to bring the previous conviction within the statutory limit.

Nevertheless, the record does not support defendant's further contention that the court sentenced him as a second felony offender. Notwithstanding the filing of the predicate felony statement, the court made no finding that defendant had been subjected to a predicate felony conviction, nor did it state that it was sentencing defendant as a second felony offender (*cf.* CPL 400.21 [4]). Furthermore, the certificate of conviction does not indicate that the court adjudicated defendant a predicate felony offender, and the sentence that the court imposed was within the legal range for a nonpredicate felony drug offender (*see* Penal Law § 70.70 [2] [a] [i]). Consequently, we reject defendant's contention that the court improperly sentenced him as a predicate felon.

Finally, although "[w]e agree with defendant that the waiver of the right to appeal is invalid because the minimal inquiry made by [the court] was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Jones*, 107 AD3d 1589, 1589, *lv denied* 21 NY3d 1075 [internal quotation marks omitted]; *see People v Callahan*, 80 NY2d 273, 283; *People v Hassett*, 119 AD3d 1443, 1443-1444, *lv denied* 24 NY3d 961; *People v Mobley*, 118 AD3d 1336, 1336-1337, *lv denied* 24 NY3d 1121), we nevertheless reject defendant's challenge to the severity of the sentence.

Entered: July 8, 2016                          Frances E. Cafarell
                                               Clerk of the Court