# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**771**

**KA 14-00093**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MAXWELL B. MOHAWK, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered July 1, 2013. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]). As a preliminary matter, we agree with defendant that " 'the waiver of the right to appeal is invalid because the minimal inquiry made by [County Court] was insufficient to establish that the court engage[d him] in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Benson*, 141 AD3d 1171, 1172; *see People v Cooper*, 136 AD3d 1397, 1398, *lv denied* 27 NY3d 1067). Defendant contends that the court abused its discretion in refusing to grant him youthful offender status. We note that we would address that contention even in the presence of a valid waiver of the right to appeal because the issue was specifically excluded from the purported waiver (*see People v Johnson*, 50 AD3d 1567, 1567). We nonetheless conclude that defendant's contention is without merit. The court properly considered the gravity of the offense, i.e., defendant shot the victim multiple times in the upper torso, which caused serious, life-threatening injuries, as well as defendant's lack of remorse (*see People v Gibson*, 134 AD3d 1517, 1518-1519, *lv denied* 27 NY3d 1069; *People v Driggs*, 24 AD3d 888, 889). Furthermore, upon our review of the record, we see no reason to exercise our own discretion in the interest of justice to adjudicate defendant a youthful offender (*cf. People v Amir W.*, 107 AD3d 1639, 1640-1641). Finally, the sentence is not unduly harsh or severe.

Entered: September 30, 2016                          Frances E. Cafarell
                                                     Clerk of the Court