People v Lester (2018 NY Slip Op 08840)





People v Lester


2018 NY Slip Op 08840


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, AND WINSLOW, JJ.


1331 KA 16-00445

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HARRISON LESTER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 27, 2014. The appeal was held by this Court by order entered November 9, 2017, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (155 AD3d 1579 [4th Dept 2017]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law
§ 140.30 [3]) and burglary in the second degree (§ 140.25 [2]). We previously held the case, reserved decision, and remitted the matter for County Court to make and state for the record a determination whether defendant should be afforded youthful offender status (People v Lester, 155 AD3d 1579, 1579 [4th Dept 2017]; see generally People v Rudolph, 21 NY3d 497, 499-501 [2013]). Upon remittal, the court determined that defendant should not be afforded youthful offender status. We conclude that the court did not thereby abuse its discretion, particularly in view of the nature of the crimes, in which defendant, on one occasion, broke into the home of a 98-year-old woman by climbing through a front porch window, and on another occasion entered the same woman's home through a rear side door and threatened her with a hammer (see generally People v Mobley, 118 AD3d 1336, 1338 [4th Dept 2014], lv denied 24 NY3d 1121 [2015]). In addition, upon our review of the record, we decline to exercise our own discretion in the interest of justice to adjudicate defendant a youthful offender (see People v Mohawk, 142 AD3d 1370, 1371 [4th Dept 2016]; cf. People v Thomas R.O., 136 AD3d 1400, 1402-1403 [4th Dept 2016]). Finally, we
conclude that the sentence is not unduly harsh or severe.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court