People v McCall (2020 NY Slip Op 05667)





People v Mccall


2020 NY Slip Op 05667


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


905 KA 17-01821

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAEQUAN P. MCCALL, DEFENDANT-APPELLANT. 






CARRIE BLEAKLEY, CONFLICT DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered April 21, 2017. The judgment convicted defendant upon a jury verdict of robbery in the first degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]). Defendant contends that County Court failed to make the necessary determination whether he was eligible for youthful offender treatment (see CPL 720.10 [3]; see generally People v Middlebrooks, 25 NY3d 516, 525-527 [2015]; People v Rudolph, 21 NY3d 497, 499-501 [2013]). We reject that contention. "[A] court in an armed felony case can satisfy its obligation under Middlebrooks by declining to adjudicate the defendant a youthful offender after consideration on the record of factors pertinent to a determination whether an eligible youth should be adjudicated a youthful offender" (People v McCall, 177 AD3d 1395, 1396 [4th Dept 2019], lv denied 34 NY3d 1130 [2020] [internal quotation marks omitted]; see People v Rice, 175 AD3d 1826, 1826 [4th Dept 2019], lv denied 34 NY3d 1132 [2020]; see also People v Stitt, 140 AD3d 1783, 1784 [4th Dept 2016], lv denied 28 NY3d 937 [2016]). Here, the court "implicitly resolved the threshold issue of eligibility in defendant's favor" (People v Macon, 169 AD3d 1439, 1440 [4th Dept 2019], lv denied 33 NY3d 978 [2019]; see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]).
Contrary to defendant's further contention, we conclude that the court did not abuse its discretion in refusing to grant him youthful offender status (see McCall, 177 AD3d at 1396; Rice, 175 AD3d at 1826; Macon, 169 AD3d at 1440), particularly in light of the seriousness of the offense and defendant's failure to accept any responsibility (see People v Ford, 144 AD3d 1682, 1683 [4th Dept 2016], lv denied 28 NY3d 1184 [2017]), and we perceive no basis for exercising our discretion in the interest of justice to adjudicate defendant a youthful offender (cf. Keith B.J., 158 AD3d at 1160-1161; People v Thomas R.O., 136 AD3d 1400, 1402-1403 [4th Dept 2016]).
Finally, the sentence is not unduly harsh or severe.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court