People v Hussein (2021 NY Slip Op 01930)





People v Hussein


2021 NY Slip Op 01930


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1127 KA 18-00950

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
YASSIN HUSSEIN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered December 15, 2017. The judgment convicted defendant, upon a plea of guilty, of robbery in the first degree, robbery in the second degree and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law
§ 160.15 [3]), robbery in the second degree (§ 160.10 [1]), and criminal possession of stolen property in the fifth degree (§ 165.40). Defendant contends that he did not validly waive his right to appeal, and that the sentence is unduly harsh and severe. We agree with defendant that his waiver of the right to appeal is invalid. County Court mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues. We therefore cannot conclude that the waiver of appeal was knowing or voluntary (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Somers, 186 AD3d 1111, 1112 [4th Dept 2020], lv denied 36 NY3d 976 [2020]). The better practice is for the court to use the Model Colloquy, "which 'neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal). Nevertheless, we conclude that the negotiated sentence is not unduly
harsh or severe.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court