People v Cole (2022 NY Slip Op 00599)





People v Cole


2022 NY Slip Op 00599


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1119 KA 19-00894

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRENCE COLE, DEFENDANT-APPELLANT. (APPEAL NO. 1) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered March 27, 2019. The judgment convicted defendant, upon a plea of guilty, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]). The two pleas were entered in a single plea proceeding. As defendant contends and the People correctly concede in each appeal, defendant did not validly waive his right to appeal inasmuch as Supreme Court "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Dragone, 192 AD3d 1487, 1487-1488 [4th Dept 2021]). Nevertheless, we conclude that the sentence in each appeal is not unduly harsh or severe. Finally, we note that the certificate of conviction in appeal No. 1 does not reflect defendant's status as a second felony offender, and it must be amended accordingly (see People v Southard, 163 AD3d 1461, 1462 [4th Dept 2018]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court