People v Nathan (2022 NY Slip Op 05479)

People v Nathan

2022 NY Slip Op 05479

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ. (Filed Sept. 30, 2022.)

MOTION NO. (643/13) KA 09-00318.

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, 
v
DESHEQUAN L. NATHAN, DEFENDANT-APPELLANT.

MEMORANDUM AND ORDER
Motion for writ of error coram nobis granted. Memorandum: Defendant contends that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal, specifically, whether Supreme Court failed to determine whether defendant should be afforded youthful offender status. Upon our review of the motion papers and under the circumstances presented here, we conclude that appellate counsel's representation was not constitutionally adequate. "As held by the Court of Appeals in People v Rudolph (21 NY3d 497, 501 [2013]), CPL 720.20 (1) requires 'that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain' " (People v Downing, 200 AD3d 704, 705 [2d Dept 2021], lv denied 38 NY3d 949 [2022]). Here, there is nothing in the record demonstrating that the court considered whether to adjudicate defendant a youthful offender, even though defendant, who was convicted of manslaughter in the first degree (Penal Law § 125.20 [1]) was presumably eligible (see generally People v Gibson, 122 AD3d 1331, 1331-1332 [4th Dept 2014]). Although the Court of Appeals decided Rudolph after appellate counsel filed the briefs on appeal and shortly before this Court affirmed defendant's judgment on appeal, the standard of meaningful representation required appellate counsel to, after Rudolph was decided, seek to file an appropriate motion in this Court in order to raise the argument that Rudolph requires that the sentence must be vacated and the matter remitted for determination of defendant's youthful offender status (see Downing, 200 AD3d at 705; People v Slide, 197 AD3d 1184, 1185 [2d Dept 2021]; see generally People v Borrell, 12 NY3d 365, 368-369 [2009]). The order of July 5, 2013 is vacated and this Court will consider the appeal de novo (see People v Miller, 169 AD3d 1460 [4th Dept 2019]). Defendant is directed to file and serve his records and brief with this Court on or before January 23, 2023.