People v Sides (2023 NY Slip Op 00766)

People v Sides

2023 NY Slip Op 00766

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

117 KA 19-00527

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAM SIDES, JR., DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered February 5, 2019. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the second degree (Penal Law
§ 140.25 [2]). As defendant contends and the People correctly concede, defendant did not validly waive his right to appeal inasmuch as County Court "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Cole, 201 AD3d 1360, 1360-1361 [4th Dept 2022]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court