People v Frazier (2023 NY Slip Op 01413)

People v Frazier

2023 NY Slip Op 01413

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

219 KA 18-01293

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MALCOM FRAZIER, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered April 24, 2018. The judgment convicted defendant upon his plea of guilty of robbery in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]). Defendant correctly contends and the People correctly concede that defendant's waiver of the right to appeal is invalid because County Court "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court