People v Barron (2023 NY Slip Op 02217)

People v Barron

2023 NY Slip Op 02217

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND LINDLEY, JJ.

257 KA 19-01307

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMAR K. BARRON, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 20, 2017. The appeal was held by this Court by order entered June 10, 2022, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (206 AD3d 1687 [4th Dept 2022]). The proceedings were held and completed (Michael L. Dollinger, J.). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). We previously held the case, reserved decision, and remitted the matter to County Court to make and state for the record a determination whether defendant should be afforded youthful offender status (People v Barron, 206 AD3d 1687, 1687 [4th Dept 2022]). Upon remittal, the court, on the record, declined to adjudicate defendant a youthful offender. On resubmission, defendant contends that he was denied effective assistance of counsel at the remittal proceeding. We agree, inasmuch as defense counsel was not "sufficiently familiar with the case and defendant's background to provide meaningful representation" (People v Saladeen, 12 AD3d 1179, 1180 [4th Dept 2004], lv denied 4 NY3d 767 [2005]; see People v Burgun, 256 AD2d 1093, 1094 [4th Dept 1998]). We therefore hold the case, reserve decision, and remit the matter to County Court to make and state on the record a new determination whether defendant should be afforded youthful offender status.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court