People v Nathan (2023 NY Slip Op 06659)

People v Nathan

2023 NY Slip Op 06659

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

937 KA 09-00318

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DESHEQUAN L. NATHAN, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ELEANOR BIGGERS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered September 18, 2008. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]). On a prior appeal, we affirmed the judgment (People v Nathan, 108 AD3d 1077 [4th Dept 2013]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel's representation was not constitutionally adequate (People v Nathan, 208 AD3d 1653 [4th Dept 2022]). Specifically, we concluded that meaningful representation required that appellate counsel, after the Court of Appeals decided People v Rudolph (21 NY3d 497 [2013]) during the pendency of the prior appeal, seek to file an appropriate motion in this Court in order to raise the argument that Rudolph required that the sentence must be vacated and the matter remitted for determination of defendant's youthful offender status (Nathan, 208 AD3d at 1653-1654).
Upon reviewing the appeal de novo, we conclude that Supreme Court erred in failing to determine whether defendant should be afforded youthful offender status. Pursuant to CPL 720.20 (1), the sentencing court must make "a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (Rudolph, 21 NY3d at 501; see Nathan, 208 AD3d at 1653; People v Crimm, 122 AD3d 1300, 1300 [4th Dept 2014]). "[W]hile eligible youths are not necessarily entitled to be sentenced as a [youthful offender], all eligible youths have the right 'to have a court decide whether such treatment is justified' " (People v Minemier, 29 NY3d 414, 419 [2017], quoting Rudolph, 21 NY3d at 501). Here, contrary to the parties' incorrect concessions, to which we are not bound (see People v Berrios, 28 NY2d 361, 366-367 [1971]; People v Adair, 177 AD3d 1357, 1357 [4th Dept 2019], lv denied 34 NY3d 1125 [2020]), we note that "manslaughter in the first degree is not an 'armed felony' for purposes of CPL 720.10 (2) (a) (ii)" (People v Graham, 202 AD3d 1482, 1482-1483 [4th Dept 2022]). Thus, defendant's "eligibility for youthful offender status d[oes] not turn . . . on the existence of a statutory mitigating factor enumerated in CPL 720.10 (3)" (id.; see People v Jarvis, 186 AD3d 1086, 1086-1087 [4th Dept 2020]). Inasmuch as defendant is otherwise eligible for youthful offender status on this conviction (see CPL 720.10 [1], [2]), the court was obligated to make a discretionary youthful offender determination before imposing sentence (see id. subd [1]; Rudolph, 21 NY3d at 501; Graham, 202 AD3d at 1483). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record a determination whether defendant should be afforded youthful offender status (see Graham, 202 AD3d at 1483).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court