People v Nathan (2025 NY Slip Op 02700)

People v Nathan

2025 NY Slip Op 02700

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

338 KA 09-00318

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DESHEQUAN L. NATHAN, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered September 18, 2008. The appeal was held by this Court by order entered December 22, 2023, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (222 AD3d 1416 [4th Dept 2023]). The proceedings were held and completed. 
It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]). On a prior appeal, we affirmed the judgment (People v Nathan, 108 AD3d 1077 [4th Dept 2013], lv denied 23 NY3d 966 [2014]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel's representation was not constitutionally adequate (People v Nathan, 208 AD3d 1653 [4th Dept 2022]). Specifically, we concluded in relevant part that meaningful representation required that appellate counsel, after the Court of Appeals decided People v Rudolph (21 NY3d 497 [2013]) during the pendency of the prior appeal, seek to file an appropriate motion in this Court in order to raise the argument that Rudolph required that the matter be remitted for determination of defendant's youthful offender status (Nathan, 208 AD3d at 1653-1654).
Upon reviewing the appeal de novo, we concluded that Supreme Court erred in failing to determine whether defendant should be afforded youthful offender status (People v Nathan, 222 AD3d 1416 [4th Dept 2023]). We noted that, pursuant to CPL 720.20 (1), the sentencing court must make "a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (Nathan, 222 AD3d at 1416-1417 [internal quotation marks omitted]; see Rudolph, 21 NY3d at 501). We emphasized that "[w]hile eligible youths are not necessarily entitled to be sentenced as a [youthful offender], all eligible youths have the right to have a court decide whether such treatment is justified" (Nathan, 222 AD3d at 1417 [internal quotation marks omitted]; see People v Minemier, 29 NY3d 414, 419 [2017]; Rudolph, 21 NY3d at 501). We reasoned that, inasmuch as defendant was eligible for youthful offender status, the court was obligated to make a discretionary youthful offender determination before imposing sentence (Nathan, 222 AD3d at 1417). We therefore held the case, reserved decision, and remitted the matter for the court "to make and state for the record a determination whether defendant should be afforded youthful offender status" (id. at 1417). On remittal, the court (Renzi, J.) declined to adjudicate defendant a youthful offender.
Defendant now contends on resubmission that he was denied effective assistance of counsel because the entirety of defense counsel's representation on remittal was deficient. We agree.
Where, as here, a defendant contends that they received ineffective assistance of counsel under both the Federal and New York State Constitutions, "we evaluate the claim using the state standard, which affords greater protection than its federal counterpart" (People v Conway, 148 AD3d 1739, 1741 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]; see People v Stultz, 2 NY3d 277, 282 [2004], rearg denied 3 NY3d 702 [2004]). "In New York, the standard for effective assistance is 'meaningful representation' by counsel" (People v Debellis, 40 NY3d 431, 436 [2023]; see People v Caban, 5 NY3d 143, 155-156 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]). The " 'state standard . . . offers greater protection than the federal test' because, 'under our State Constitution, even in the absence of a reasonable probability of a different outcome, inadequacy of counsel will still warrant reversal whenever a defendant is deprived of [fair process]' " (People v Honghirun, 29 NY3d 284, 289 [2017], quoting Caban, 5 NY3d at 156; see People v Alvarez, 33 NY3d 286, 290 [2019]). Although our courts "remain 'skeptical' of ineffective assistance of counsel claims where the defendant is unable to demonstrate any prejudice at all" (Alvarez, 33 NY3d at 290), in applying our state standard, we consider prejudice to be " 'a significant but not indispensable element in assessing meaningful representation' " (Caban, 5 NY3d at 155-156, quoting Stultz, 2 NY3d at 284; see Alvarez, 33 NY3d at 289-290). Stated differently, "[w]hile the inquiry focuses on the quality of the representation provided to the [defendant], the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (People v Benevento, 91 NY2d 708, 714 [1998]). "[T]he right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense . . . and who is familiar with, and able to employ[,] . . . basic principles of criminal law and procedure" (People v Droz, 39 NY2d 457, 462 [1976]). Inasmuch as the defendant "bears the burden of establishing [a] claim that counsel's performance is constitutionally deficient[,] . . . [the] defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failure" (People v Pavone, 26 NY3d 629, 646 [2015]; see Benevento, 91 NY2d at 712).
Here, we conclude that defendant has demonstrated that he was denied meaningful representation on remittal to determine whether he should be afforded youthful offender status (see People v Barron, 215 AD3d 1256, 1256 [4th Dept 2023]). The record establishes that, despite the specified purpose of the remittal, defense counsel submitted a memorandum riddled with spelling, grammatical, and syntax errors in which he requested that defendant be resentenced as an adult to a reduced determinate term of imprisonment and an unspecified period of postrelease supervision. Rather than providing an affirmative argument for adjudicating defendant a youthful offender based on the various factors to be considered (see People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]; People v Z.H., 192 AD3d 55, 58-59 [4th Dept 2020]), defense counsel merely mentioned youthful offender status in passing to note that which was already known, namely, that the sentencing court had originally failed to address whether defendant should receive youthful offender status and thus never considered certain circumstances related to defendant. Defense counsel thereafter proceeded to make arguments that were relevant to defendant's initial sentencing as an adult and the appellate challenges thereto but were unrelated to the factors applicable to determining upon remittal whether defendant should be afforded youthful offender status and, in doing so, defense counsel also occasionally misstated the issues considered on defendant's prior appeals (see People v Arnold, 85 AD3d 1330, 1334 [3d Dept 2011]; see generally People v Bell, 48 NY2d 933, 935 [1979], rearg denied 49 NY2d 802 [1980]). Despite the prosecutor's reminder at the remittal proceeding that the remittal related solely to determining whether defendant should be adjudicated a youthful offender, defense counsel continued to focus almost exclusively on seeking to have defendant resentenced as an adult and made only passing references to the issue of youthful offender status.
The People nonetheless assert that, given the purported difficulty in obtaining a youthful offender adjudication on the facts of the case, defense counsel had a strategic or legitimate reason to forgo addressing the factors applicable to a youthful offender determination and to instead focus on seeking a reduction of defendant's sentence as an adult. That assertion is devoid of merit. Without vacating the sentence, we previously held the case, reserved decision, and remitted the matter for the specified purpose of having the court "make and state for the record a determination whether defendant should be afforded youthful offender status" (Nathan, 222 AD3d at 1417). Contrary to the People's assertion, defense counsel had no strategic or legitimate basis for raising sentencing contentions that exceeded the scope of the remittal and that, if [*2]accepted, would have required the court to disobey the mandate of this Court on remittal (see People v Mitchell, — AD3d &mdash, — , 2025 NY Slip Op 01456, *2 [4th Dept 2025]; People v Barr, 170 AD3d 1189, 1190 [2d Dept 2019]; cf. People v Jones, 233 AD3d 1205, 1206-1207 [3d Dept 2024]). Defense counsel's failure to appropriately address the sole issue for which the matter was remitted deprived defendant of meaningful representation on remittal (see Barron, 215 AD3d at 1256; People v Vauss, 149 AD2d 924, 924 [4th Dept 1989]).
We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state on the record a new determination whether defendant should be afforded youthful offender status.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court