People v Huntington (2025 NY Slip Op 03924)

People v Huntington

2025 NY Slip Op 03924

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

487 KA 24-00240

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN A. HUNTINGTON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered May 18, 2023. The judgment convicted defendant upon a plea of guilty of reckless endangerment in the first degree and unauthorized use of a vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his guilty plea of reckless endangerment in the first degree (Penal Law § 120.25) and unauthorized use of a vehicle in the third degree (§ 165.05 [1]). In appeal No. 2, defendant appeals from a judgment revoking the sentence of probation previously imposed upon that conviction and imposing a sentence of imprisonment.
Contrary to defendant's contention in appeal No. 1, the record reflects that County Court exercised its own discretion pursuant to CPL 720.20 (1) when declining to afford him youthful offender status. Although the prosecution stated at the time of the guilty plea that defendant had agreed to forgo youthful offender treatment, the court at sentencing explicitly acknowledged that both the statute and judicial precedent required the court to consider whether defendant should be granted youthful offender status notwithstanding that agreement (see People v Rivera, 41 NY3d 936, 939 [2023]; People v Rudolph, 21 NY3d 497, 501 [2013]; cf. People v Nathan, 222 AD3d 1416, 1416-1417 [4th Dept 2023]).
In appeal No. 2, we agree with defendant that his purported waiver of the right to appeal "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no
clarification that appellate review remained available for certain issues" (People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nevertheless, we decline defendant's request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see generally People v Hall, 221 AD3d 1600, 1601 [4th Dept 2023], lv denied 40 NY3d 1092 [2024]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court