People v Barron (2025 NY Slip Op 03911)

People v Barron

2025 NY Slip Op 03911

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, SMITH, AND OGDEN, JJ.

438 KA 19-01307

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMAR K. BARRON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 20, 2017. The appeal was held by this Court by order entered April 28, 2023, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (215 AD3d 1256 [4th Dept 2023]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed to a determinate term of 12 years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We previously held the case, reserved decision, and remitted the matter for County Court to make and state for the record a new determination whether defendant should be afforded youthful offender status (People v Barron, 206 AD3d 1687, 1687 [4th Dept 2022]). Upon remittal, the court declined to adjudicate defendant a youthful offender, and on resubmission, we determined that defendant was denied effective assistance of counsel at the remittal proceeding, and we again held the case, reserved decision, and remitted the matter to County Court to make and state on the record a new determination whether defendant should be afforded youthful offender status (People v Barron, 215 AD3d 1256, 1256-1257 [4th Dept 2023]; see generally People v Rudolph, 21 NY3d 497, 499-501 [2013]). Upon the second remittal, the court determined that defendant should not be afforded youthful offender status. We conclude that the court did not thereby abuse its discretion (see generally People v McCall, 187 AD3d 1682, 1683 [4th Dept 2020], lv denied 36 NY3d 930 [2020]; People v Lester, 167 AD3d 1559, 1560 [4th Dept 2018], lv denied 32 NY3d 1206 [2019]). In addition, upon our review of the record, we decline to exercise our discretion in the interest of justice to adjudicate defendant a youthful offender (see People v Mohawk, 142 AD3d 1370, 1371 [4th Dept 2016]; cf. People v Thomas R.O., 136 AD3d 1400, 1402-1403 [4th Dept 2016]).
We agree with defendant, however, that the sentence of imprisonment imposed is unduly harsh and severe under the circumstances of this case. This Court has "broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range," and may exercise that power, "if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]). We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed to a determinate term of 12 years, to be followed by the five-year period of postrelease supervision previously imposed by the court.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court