People v Weems (2025 NY Slip Op 04403)

People v Weems

2025 NY Slip Op 04403

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

548 KA 24-00096

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MALIK M. WEEMS, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered September 13, 2023. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law
§ 120.05 [7]). Defendant's contentions concerning alleged discovery violations are forfeited by his guilty plea (see People v Robinson, 225 AD3d 1266, 1268 [4th Dept 2024], lv denied 42 NY3d 1021 [2024]; People v Smith, 217 AD3d 1578, 1578 [4th Dept 2023]; cf. CPL 30.30 [6]). Moreover, we conclude that "[d]efendant's contention that defense counsel was ineffective does not survive his plea . . . inasmuch as defendant did not assert that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (People v Trisvan, 237 AD3d 1556, 1557 [4th Dept 2025] [internal quotation marks omitted]).
We further conclude that Supreme Court did not abuse its discretion in declining to adjudicate defendant a youthful offender (see generally People v McCall, 187 AD3d 1682, 1683 [4th Dept 2020], lv denied 36 NY3d 930 [2020]), and having reviewed the applicable factors pertinent to a youthful offender determination (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant him that status
(see People v Hall, 221 AD3d 1600, 1601 [4th Dept 2023], lv denied 40 NY3d 1092 [2024]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court