Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin-Brandt, J.), rendered April 26, 2010, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second violent felony offender.
Ordered that the judgment is modified, on the law, by vacating the defendant’s adjudication as a second violent felony offender, and substituting therefor an adjudication that the defendant is a second felony offender; as so modified, the judgment is affirmed.
Since the predicate felony statement filed by the People was insufficient to support a finding that the defendant had been subjected to a predicate violent felony conviction, the Supreme Court erred in adjudicating him a second violent felony offender (see CPL 400.15 [4]; see also Penal Law § 70.04). However, since the uncontroverted allegations in the predicate felony statement were sufficient to support a finding that the defendant had been subjected to a predicate felony conviction, the court should have adjudicated him a second felony offender (see CPL 400.21 [4]; see also Penal Law § 70.06).
Although the Supreme Court improperly adjudicated the defendant a second violent felony offender, the court nevertheless properly sentenced him as a second felony offender (see Penal Law § 70.06 [6]), instead of as a second violent felony offender (cf. CPL 400.15 [4]; Penal Law § 70.04 [3]). Accordingly, under *786 the unique circumstances of this case, including the fact that the defendant does not contend that his sentence is either illegal or excessive, we need not vacate the sentence imposed by the Supreme Court. Accordingly, we modify the judgment by vacating the second violent felony offender adjudication and substituting therefor an adjudication that the defendant is a second felony offender (cf. People v Barclay, 201 AD2d 739, 739-740 [1994]). Florio, J.E, Dickerson, Sgroi and Miller, JJ., concur.