People v Stokes (2025 NY Slip Op 04921)

People v Stokes

2025 NY Slip Op 04921

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-08186
 (Ind. No. 1256/20)

[*1]The People of the State of New York, respondent,
v
Lawrence Stokes, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond L. Rodriguez, J.), rendered September 26, 2022, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second violent felony offender.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second violent felony offender, and substituting therefor an adjudication that the defendant is a second felony offender; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the constitutionality of the indictment charging him with, inter alia, criminal possession of a weapon in the third degree (Penal Law § 265.02[1]) in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) (see People v Felipe, 236 AD3d 920, 921; People v Victor, 235 AD3d 783), as well as his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 256).
As the People correctly concede, the Supreme Court improperly adjudicated the defendant a second violent felony offender, rather than a second felony offender, since the defendant's instant conviction was for a nonviolent felony (see Penal Law §§ 70.02[1][c]; 70.04[1][a]; 265.02[1]). Nevertheless, under the circumstances of this case, remittal for resentencing is not required, as the court properly sentenced the defendant as a second felony offender (id. § 70.06), instead of as a second violent felony offender, to the term of imprisonment promised at the time the defendant entered his plea of guilty. Accordingly, we modify the judgment by vacating the second violent felony offender adjudication and adjudicating the defendant a second felony offender (see People v Nelson, 100 AD3d 785, 786; see also People v Joseph, 167 AD3d 776, 776-777).
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court